UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOELLE MAYES and TARRAY GIBBS,<br><br>Plaintiffs,<br><br>v.<br><br>GRIFFIN HOSPITAL, GRIFFIN LABOR AND DELIVERY DEPARTMENT, SARA SCHEEF, and LISA KECHIJIAN,<br><br>Defendants. | Civil Action No. 3:20-cv-1700 (CSH)<br><br>AUGUST 26, 2021 |

**MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION TO DISMISS AND MOTION TO STAY DISCOVERY**

**HAIGHT, Senior District Judge:**

Plaintiffs Noelle Mayes and Tarray Gibbs (collectively, "Plaintiffs"), proceeding *pro se*, bring this action against Griffin Hospital, Griffin Labor and Delivery Department, Sara Scheef, and Lisa Kechijian ("Defendants"), asserting three state and/or common law claims arising out of Defendants' alleged involvement in the institution of a child neglect proceeding against Plaintiffs by Connecticut's Department of Children and Families.[1]  *See generally* Doc. 5.  Plaintiffs claim that this Court has jurisdiction over this case  pursuant to 28 U.S.C. § 1332 "as complete diversity exists and the matter in controversy exceeds $75,000, exclusive of interest and costs."  *Id.* at 2.  Plaintiffs state that they "are citizens and residents of the State of Connecticut."  *Id.*  Plaintiffs do not allege the citizenship of either Sara Scheef or Lisa Kechijian: instead, they claim only that

---

[1] The Court notes that Plaintiffs have filed two additional cases against different sets of defendants concerning many of the same underlying events, which also have been pending before the undersigned.  *See Mayes v. Women's Health Center of Shelton Connecticut*, No. 3:20-cv-1666 (filed Nov. 4, 2020); *and see Mayes v. Conn. Dep't of Child. and Fam. Servs.*, No. 3:21-cv-794 (filed June 7, 2021).  In the present matter, Plaintiffs' claims are for "Discrimination," "Privacy Violation," and "Infliction of Emotional Distress on Tarray Gibbs and Noelle Mayes."  Doc. 5 at 6–7.

"Sara Scheef and Lisa Kechijian are both employed at Griffin Hospital in Derby Connecticut." *Id.* Plaintiffs' pleading also contains no allegations regarding the citizenship of either Griffin Hospital or Griffin Labor and Delivery Department (to the extent that the latter is a cognizable entity). *See id.*

The docket of this case reflects that no summons to any of Defendants ever was issued by the Clerk of Court,[2] and there is no proof of service demonstrating that process (i.e., both a summons and a copy of Plaintiffs' Complaint) indeed was served on any Defendant within the time contemplated by the Federal Rules of Civil Procedure. Similarly, no waiver of service by any Defendant ever was returned executed.[3] Nevertheless, Defendants have appeared in this matter through counsel, *see* Docs. 6–7, and they have filed both a motion to dismiss, *see* Doc. 9, and a motion to stay discovery, *see* Doc. 11. With respect to the motion to dismiss, Defendants argue that the Court lacks subject matter jurisdiction over this action because there is not complete diversity of citizenship between Plaintiffs and Defendants. *See* Doc. 9-1 at 5–8. Defendants further argue that dismissal of Sara Scheef and Lisa Kechijian is warranted pursuant to Federal Rule 12(b)(5), because neither has been served with process in the manner provided by Federal Rule 4. *See id.* at 8–9. Defendants filed and served a notice on Plaintiffs concerning the motion to dismiss in accordance with Local Civil Rule 12(a) at the time Defendants filed their motion. *See* Doc. 10. Defendants subsequently filed and served an amended notice pursuant to Local Civil

---

[2] Federal Rule 4 provides, in relevant part, that "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(b).

[3] Waivers of service are intended to avoid the expenses attending traditional service of process, but are subject to their own formalities. *See generally* Fed. R. Civ. P. 4(d). A completed waiver of service, like a proof of service of process, must be timely filed with the Court. Fed. R. Civ. P. 4(d)(4); D. Conn. L. Civ. R. 4(d) ("The plaintiff shall file proof of service complying with Fed. R. Civ. P. 4(l), or proof of waiver of service, within 7 days after plaintiff's receipt of such proof.").

Rule 12(a), to include pages that had been omitted from the original notice. *See* Doc. 12. Plaintiffs have not filed any papers in opposition to either of Defendants' motions, notwithstanding Defendants' notices and the passage of several months.

As an initial matter, Plaintiffs' apparent failure either to serve Defendants with process or to secure waivers of service from them within the time allowed under Federal Rule 4 could, on its own, justify the dismissal of this action, even without Defendants' having appeared and filed a motion concerning, in part, the lack of adequate service of process. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Plaintiffs, although they are proceeding *pro se*, are bound to comply with the provisions of the Federal Rules—including those concerning proper service—as well as this District's Local Rules. *See, e.g.*, *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 522 (D. Conn. 2015) ("Even with the Court's exercise of leniency toward *pro se* litigants, affording them 'special solicitude,' as directed by the Second Circuit, *pro se* litigants are expected to comply with the Federal Rules of Civil Procedure." (citations omitted)).

Nevertheless, the Court shall proceed to address Defendants' argument that the Court lacks subject matter jurisdiction, since subject matter jurisdiction is a fundamental limit on the Court's power, and the existence (or lack) of subject matter jurisdiction determines whether Plaintiffs may proceed with their claims in this Court at all. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. 'For a court to pronounce upon [the merits] when it has no jurisdiction to do so,' . . . 'is . . . for a court to act ultra vires.'" (quoting

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–102 (1998))). "It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory." *Manway Const. Co. v. Hous. Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (citing Fed. R. Civ. P. 12(h) and *John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir.1967)).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When considering a Rule 12(b)(1) motion, "'the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff,' but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Zuro v. Town of Darien*, 432 F. Supp. 3d 116, 121 (D. Conn. 2020) (quoting *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)). "[W]here jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits. In that case, the party asserting subject matter jurisdiction 'has the burden of proving by a preponderance of the evidence that it exists." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (internal quotation marks and citations omitted). In cases like the present one, where diversity is claimed to be the basis of the Court's subject matter jurisdiction, "[t]he party seeking to invoke jurisdiction . . . bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Advani Enters., Inc. v. Underwriters*
4

*at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).[4]

Plaintiffs explicitly allege their own citizenship, Doc. 5 at 2, but they do not satisfactorily allege the citizenship of any of Defendants. As noted above, Plaintiffs make no factual allegations concerning the citizenship of Griffin Hospital or Griffin Labor and Delivery Department, and they merely allege that Sara Scheef and Lisa Kechijian are employees of Griffin Hospital. *Id.* The Court previously has explained to Plaintiffs, and reiterates here, that such pleading is not sufficient to demonstrate diversity of citizenship among the parties. *See Mayes v. Women's Health Center of Shelton Connecticut*, No. 3:20-cv-1666 (CSH), 2021 WL 1105287, at *2–*4 (D. Conn. Mar. 22, 2021) (explaining, *inter alia*, that a person's place of employment has no bearing on that person's place of domicile and citizenship, and that a business entity organized as a corporation will be a citizen of the state where it is incorporated and the state where it maintains its principal place of business).

While Plaintiffs' factual allegations, on their own, are inadequate to demonstrate that there is complete diversity of citizenship among the parties, Defendants furthermore have placed jurisdictional facts in dispute by submitting an affidavit that purports to show that Griffin Hospital is a citizen of the State of Connecticut. Doc. 9-1 at 7; Doc. 9-2 at 1. Specifically, Patrick A. Charmel—the President and Chief Executive Officer of Griffin Hospital—attests that "Griffin Hospital is a not-for-profit healthcare institution with its principal place of business located at 130 Division Street in Derby Connecticut," and that "Griffin Hospital is a subsidiary of Griffin Health Services Corporation which is a Connecticut [] Corporation." Doc. 9-2 at 1.

---

[4] The Court additionally notes that, in this District, "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D. Conn. L. Civ. R. 7(a)(2).

Patrick Charmel's averments do not put the issue of Griffin Hospital's citizenship to rest. From Defendants' submission, it only is clear that Griffin Hospital's *parent* entity is a Connecticut citizen, but there are no facts regarding the manner in which the hospital *itself* is organized, or where it was formed—in other words, facts directly bearing on the hospital's *own* citizenship. Nevertheless, the Court has consulted the records of business organizations maintained by the Connecticut's Secretary of the State, which are matters of which the Court may take judicial notice, *see* Fed. R. Evid. 201, and those records reflect that Griffin Hospital is a specially chartered entity and a citizen of the State of Connecticut.  *See* Business Records Search for Griffin Hospital, CT.gov BUSINESS, https://service.ct.gov/business/s/onlinebusinesssearch (search for "Griffin Hospital" and select "The Griffin Hospital" from search results).[5]  From *these* facts, it is evident that there is not complete diversity of citizenship among the parties, and that there accordingly is no basis for this Court's subject matter jurisdiction over Plaintiffs' case.

Having found that complete diversity of citizenship is not present, Defendants' motion to dismiss is GRANTED, and this case is DISMISSED.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Not having subject matter jurisdiction over the matter, the Court's dismissal of Plaintiffs' state and/or common law claims is WITHOUT PREJUDICE to Plaintiffs' ability to re-file those claims in a Connecticut state court of competent jurisdiction.  In view of the dismissal of Plaintiffs' claims for want of subject matter jurisdiction, Defendants' motion to stay discovery is DENIED AS MOOT.  The Clerk is directed to close the file and terminate these proceedings.

---

[5] The Court's further research has identified that Griffin Hospital was created as "The Derby Hospital" by special act of the Connecticut General Assembly in 1901, and that this act incorporating the hospital later was amended to permit the institution to be renamed "The Griffin Hospital."  Resolution Incorporating The Derby Hospital, S.J. Res. 234, Jan. Sess. 1901 Conn. Spec. Acts 1103; Resolution Amending the Charter of The Derby Hospital, S.J. Res. 146, Jan. Sess., 1909 Conn. Spec. Acts 702.

It is SO ORDERED.

Dated: New Haven, CT
       August 26, 2021

                                              *s/ Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT
                                              Senior United States District Judge